## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

CHARLES MERINOFF and    :
GREGORY L. BAIRD,    :
   :
      Plaintiffs,    :
   :
      v.    :     **C.A. No. 12920-VCS**
   :
EMPIRE MERCHANTS, LLC,    :
   :
      Defendant.    :

Date Submitted: January 30, 2017
Date Decided: February 2, 2017

### ORDER GRANTING MOTION TO DISMISS

1. Plaintiffs, Charles Merinoff and Gregory L. Baird (together "Plaintiffs"), brought this action to obtain advancement of legal fees to which they are allegedly entitled pursuant to the Amended and Restated Limited Liability Company Agreement of Empire Merchants, LLC ("Empire"), dated as of October 18, 2006 (the "LLC Agreement"). Plaintiffs here are defendants in a separate action brought by Empire in the United States District Court for the Eastern District of New York in which it is alleged, *inter alia*, that they, and others, carried out a massive and long running bootlegging scheme to illegally divert wine and spirits from Maryland into New York (the "New York Action"). On November 18,

1

2016, Plaintiffs filed their Verified Complaint for Advancement (the "Complaint") in this Court in which they seek advancement of the legal fees they have and will incur in defense of the New York Action.

2. On December 12, 2016, Empire filed a motion to dismiss under Court of Chancery Rule 12(b)(3) for improper venue and Court of Chancery Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Empire's argument under Rule 12(b)(3) is that a valid and binding forum selection clause in the LLC Agreement requires this action to be brought in a federal or state court in New York within the Borough of Manhattan. Because I conclude that Plaintiffs' Complaint must be dismissed under Rule 12(b)(3) for improper venue, I do not reach the parties' arguments under Rule 12(b)(6).

3. Section 12.6 of the LLC Agreement states, in part, that the parties "agree that any suit, action, or other legal proceeding arising out of this Agreement shall be brought in the United States District Court for the Southern District of New York or in any courts of the state of New York sitting in the Borough of Manhattan. . . ."[1] This broad, mandatory forum selection clause is modified by a carve-out in the final sentence of Section 12.6 which states: "[n]otwithstanding the foregoing, any legal proceeding arising out of this Agreement which, under

---

[1] Aff. of Matthew D. Perri, Esq. in Supp. of Def.'s Mot. to Dismiss, Ex. 2 ("LLC Agreement") § 12.6.

2

[Delaware's Limited Liability] Act or, to the extent made applicable to the Company pursuant to this Agreement, the DGCL, is required to be brought in the Delaware Court of Chancery may only be brought in the Delaware Court of Chancery and the parties hereto hereby consent to the jurisdiction of the Delaware Chancery Court under such circumstances."[2] The parties dispute whether this carve-out that allows certain actions to be brought in the Court of Chancery applies to Plaintiffs' advancement claims.[3]

4.  "The courts of Delaware defer to forum selection clauses and routinely give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[4] Forum selection clauses are interpreted according to the law chosen to govern the contract.[5] The LLC Agreement is governed by Delaware law.[6] Under Delaware law, the court

---

[2] *Id.*

[3] I note that Plaintiffs do not contend that enforcing the forum selection clause would cause "grave inconvenience" or effectively "deprive them of [their] day in court." *See Healthtrio, Inc. v. Margules*, 2007 WL 544156, at *3 (Del. Super. Ct. Jan. 16, 2007). Accordingly, I address only whether the New York forum selection clause by its terms should be applied to the advancement claims brought here.

[4] *Ashall Homes Ltd. v. ROK Entm't Gp. Inc.*, 992 A.2d 1239, 1245 (Del. Ch. 2010) (quoting *Troy Corp. v. Schoon*, 2007 WL 949441, at *2 (Del. Ch. Mar. 26, 2007)) (internal quotations omitted).

[5] *Id.*

[6] LLC Agreement §12.5.

interprets a contract to effectuate the parties' intent and gives clear and unambiguous contractual language its plain and ordinary meaning.[7]

5. The right to advancement under the LLC Agreement is governed by Section 5.5(b). Plaintiffs acknowledge that the Delaware Limited Liability Act does not speak to where any claim for advancement that a party might assert under the LLC operating agreement must be filed. They are left, then, to argue that the LLC Agreement somehow incorporated the DGCL when addressing the parties' right to seek advancement. Specifically, Plaintiffs argue that because Section 5.5 of the LLC Agreement references the DGCL three times, and advancement rights are addressed in the DGCL at 8 *Del. C.* § 145, the parties must have intended that the DGCL should apply to their right to advancement. Plaintiffs then point to Section 145(k) which vests the Court of Chancery "with exclusive jurisdiction to hear and determine all actions for advancement of expenses or indemnification brought under this section . . . ."[8] And because the DGCL expressly designates the Court of Chancery, as among the courts of the State of Delaware, as the exclusive venue for advancement actions, Plaintiffs urge the Court to conclude that the carve-out in Section 12.6 applies and that venue is proper in this court.

---

[7] *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728 (Del. 2006).

[8] 8 *Del. C.* § 145(k).

6. I see two fundamental flaws with Plaintiffs' argument. *First*, Section 5.5 does not incorporate the DGCL with respect to Plaintiffs' contractual right to advancement. *Second*, even if the DGCL were somehow applicable to Plaintiffs' advancement claim, the limited carve-out in Section 12.6 still would not apply.

7. To be sure, Section 5.5 does mention the DGCL in three separate places (as indicated by italics below). In Section 5.5(a), the LLC Agreement says that "[e]ach Manager and each officer of the Company will have the same fiduciary duties to the Company that he or she would have if the Company were a corporation *subject to the DGCL*, provided that no Manager or officer of the Company shall be liable to the Company or to any of the Members for any loss or damages resulting from a breach of his or her duty of care (as such concept is interpreted *under the DGCL*) . . . ." Section 5.5(b), in describing the right to indemnification under the LLC Agreement, states that "no indemnification shall be provided hereunder to any such Person for any Losses arising out of such Person's breach of his or her duty of loyalty (as such concept is interpreted *under the DGCL*) . . . ." These references to the DGCL define the fiduciary duties of the Managers and officers of the LLC and clarify that these duties will be interpreted consistently with the DGCL. In this regard, the DGCL is incorporated only to define the fiduciary duties referenced in Section 5.5 in order to clarify the type of conduct that would and would not trigger

5

the right to indemnification under the LLC Agreement. No reasonable interpretation of Section 5.5 would suggest that the parties intended to incorporate the DGCL to define or address in any manner the contractual right to advancement. And there certainly is no basis to conclude that the references to the DGCL were intended to incorporate the forum language in Section 145(k).

8. Even if I were to interpret the references to the DGCL in Section 5.5 as applying to the contractual right to advancement, this construction would not assist the Plaintiffs in their effort to fit their advancement claim within the limited carve-out in Section 12.6. The unambiguous language of this forum selection provision states that if a legal proceeding is *required* to be brought in the Delaware Court of Chancery under either the LLC Act or the DGCL, then the action must be brought in the Court of Chancery. The LLC Act does not require an advancement proceeding to be brought in the Court of Chancery, a point that is not in dispute. The DGCL, despite conferring "exclusive jurisdiction" upon the Court of Chancery to hear and determine all actions for advancement, likewise does not require an advancement proceeding to be brought in the Court of Chancery to the exclusion of courts in other jurisdictions.

9. As this court has stated previously, "[w]hen a Delaware state statute assigns exclusive jurisdiction to a particular Delaware court, the statute is allocating

6

jurisdiction among the Delaware courts."[9] Therefore, the fact that Section 145(k) of the DGCL vests this court with exclusive jurisdiction over actions for advancement will not be construed as "a claim against the world that no court outside of Delaware can exercise jurisdiction over that type of case."[10] This is evident in the fact that actions for advancement involving Delaware entities are regularly brought and adjudicated in courts outside of Delaware, frequently because a forum selection clause mandates that the claims must be prosecuted elsewhere.[11] Therefore, even if Section 145(k) of the DGCL were applicable to the provision of the LLC Agreement which contains the right to advancement, the DGCL does not require a proceeding for advancement to be brought in this court and the limited carve-out within the forum selection provision would be inapplicable.

10. Plaintiffs argue that the carve-out does apply in this instance because the unambiguous language of the provision means that any time the DGCL provides that the Court of Chancery has exclusive jurisdiction over an action, then the parties must bring that action in the Court of Chancery. In essence, then, according to

---

[9] *IMO Daniel Kloiber Dynasty Trust*, 98 A.3d 924, 939 (Del. Ch. 2014).

[10] *Id.*

[11] *See, e.g.*, *Island Two LLC v. Island One, Inc.*, 2015 WL 1026495, at *5 (S.D.N.Y. Mar. 9, 2015); *Abakan, Inc. v. Uptick Capital, LLC*, 943 F.Supp 2d 410, 417 (S.D.N.Y. 2013); *Souder v. Rite Aid Corp.*, 911 A.2d 506 (Pa. Super. Ct. Oct. 13, 2006).

7

Plaintiffs, the exception does not mean that the only time the parties must litigate in the Court of Chancery is when they are required to do so to the exclusion of all other courts (including their chosen New York fora), but rather means that anytime the LLC Act or the DGCL states that the Court of Chancery has exclusive jurisdiction as among the courts in Delaware, the parties agreed to bring that specific type of action in this court. In my view, that reading stretches the carve-out well beyond its terms and ignores the clear and unambiguous language of the forum selection provision taken as a whole.

11. Section 12.6 begins by setting out a broad forum selection provision designating specific state and federal courts in New York as the mandatory chosen forum for all suits arising under the LLC Agreement. The limited exception in the final sentence of Section 12.6 means, by its plain terms, that legal proceedings, e.g. dissolution proceedings,[12] statutory appraisal proceedings,[13] which for one reason or another arguably can only be brought in the Court of Chancery (to the exclusion of courts in other jurisdictions), must be brought in the Court of Chancery. The unambiguous language of the carve-out reveals that, rather than list the few situations in which a party must bring suit in the Court of Chancery, the parties

---

[12] *Meyer Natural Foods, LLC v. Duff*, C.A. No. 9703-VCN (Del. Ch. Sept. 24, 2014) (TRANSCRIPT) ("[T]he Oklahoma courts, whether they be state or federal, are not capable of ordering judicial dissolution. This Court's jurisdiction is exclusive.").

[13] 8 *Del. C.* § 262(a) ("Any stockholder of a corporation of this State . . . shall be entitled to an appraisal by the Court of Chancery . . .").

agreed *ex ante* that if such a suit arose, they would initiate the action in the Court of Chancery without looking to the otherwise preferred and designated fora of New York.

12. Based on the clear and unambiguous language of the forum selection provision contained in the LLC Agreement, the Complaint must be dismissed under Court of Chancery Rule 12(b)(3) for improper venue. The motion to dismiss is GRANTED.[14]

**IT IS SO ORDERED**, this 2nd day of February, 2017.



*/s/ Joseph R. Slights III*
Vice Chancellor

---

[14] Pending before the Court is a contested motion to seal certain documents. For reasons explained on the record on January 30, 2017, I decided to stay resolution of that motion pending the resolution of related proceedings in the United States District Court for the District of Maryland. Since I am retaining jurisdiction over this matter for that limited purpose only, I conclude that there is no just reason to delay the entry of final judgment on the claims asserted in the Complaint. *See* Ct. Ch. R. 54(b). I shall await word from the parties regarding appropriate next steps with respect to the motion to seal.